IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG 1870.

## Breneman's Estate.

1. On a hearing before auditors in the distribution of a decedent's estate, a creditor was admitted, under objection, to testify, there was evidence from other witnesses in support of his claim. *Held,* that the exception to his admission was fruitless, unless it were shown that his testimony led the auditors into some specific error.

2. Such testimony would not have the same effect as if it had been in a common-law action; it would affect only when it might mislead or be the only testimony on the subject in dispute.

3. Items sustained only by such testimony might be stricken out, but the balance of the account would be sustained, if the evidence supported it.

4. The accountant was not a competent witness under the Act of 1869.

5. *Quære,* whether the accountant was competent under the 56th section of Act of March 29th 1832, authorizing auditors to examine accountants.

6. *It seems* that a party is to be admitted only under the mandate of the creditors and cannot offer himself as a witness.

7. Mylin's Estate, 7 Watts 64, recognised.

May 2d 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ.

Appeal from the decree of the Orphans' Court of *Lancaster county:* In Mary Breneman's Estate. No. 36, to May Term 1870.

The account of Jacob S. Hershey, administrator, &c. of Mary Breneman, deceased, showed a balance in his hands amounting to $3073.99. It was referred to auditors to distribute this balance * to and among the creditors and heirs of the decedent. Before the auditors the accountant presented a claim for $50 as agent of

[Breneman's Estate.]

decedent in attending to her property for four years; one for boarding, lodging, clothing, nursing, &c., for 268 weeks, at $13 per week, amounting to $3484, deducting $671.31 received by him.   To these charges the next of kin objected.   The services of the accountant as agent were rendered in collecting interest due the decedent and paying it over to her.   There was a very large amount of testimony on both sides heard by the auditors, on the questions raised by the objections.   Some tending to show that there was a contract between the decedent and the accountant for her support, &c., and that the amount charged was reasonable; and on the other side that there was no contract and that the amount charged was more than it should be.

On the question of the charge for boarding, &c., Ann Hershey, wife of the accountant, was called by him and examined without objection before the auditor.

The accountant was called and objected to generally on the ground of incompetency.   He testified mainly as to collections by him of interest due the decedent, with which he had charged himself in his account, less slight deductions for expenditures which he had made on her account; the interest was the sum of $671.31 which he had credited to her on his charge for boarding.

The auditors reduced the charge for boarding to $2412, from which they deducted the $671.31, and allowed him interest on the balance, amounting in the whole to $2074.39, and so reported.

The next of kin filed an exception to the report, viz.: "The court allowed the administrator and claimant to testify."

The Orphans' Court confirmed the report.

The next of kin appealed to the Supreme Court and assigned for error that "The court erred in allowing J. S. Hershey, the administrator and claimant, to testify in his own case."

*A. Herr Smith*, for appellants, referred to Act of 15th April 1869, section 1, Pamph. L. 30, Purd. 1566, pl. 1.

*N. Ellmaker*, for appellees.

The opinion of the court was delivered, May 12th 1870, by

THOMPSON, C. J.—The exception to the admission of the accountant Hershey, to testify as a witness before the auditors, is fruitless, unless it be shown that his testimony led the auditors into some specific error.   That has not been done.   The main charge against the estate of the defendant, was, for boarding her.   The fact of the boarding was not a disputed fact, and there was enough in the testimony to enable the auditors to fix the amount proper to be allowed per week.   On these subjects, however, the accountant did not testify.   His testimony had reference exclusively to an explanation of a credit allowed the decedent's estate,

[Breneman's Estate.]

and we were not shown wherein it injured the appellants and misled the auditors. Without specific injury being shown, we cannot say the court ought to have set aside the work of the auditors. Indeed this could not be done, unless this were clearly shown.

The idea of the learned counsel for the exceptants seemed to be, that the error of admitting an incompetent witness to testify, even on a single point, before auditors, was to have a like effect on the entire report as the same thing would have in a common law action. But this is a mistake; it only would affect so far as it would mislead, or where it might be the only testimony to support an item, or the entire subject of dispute. Items so sustained might have to be stricken out for want of competent testimony, but the balance of the account would be sustained, if other evidence supported it. We think the accountant was not a competent witness, under the Act of 1869; nor perhaps under the 56th section of the Act of 29th March 1832, authorizing auditors to examine the parties on oath to an account before them. The authorities seem to hold, that the party is only to be admitted to answer on oath under the mandate of the auditors, and cannot offer himself as a witness: Mylin's Appeal, 7 Watts 64. But all this is really of no consequence here, for no item in the account seems to have been carried alone by the testimony of the accountant. We cannot say the auditors erred in any portion of their finding. In the absence, therefore, of specific error shown to have been committed by them, the court were right in confirming their report.

The decree of the court below is affirmed, and this appeal dismissed at the costs of the appellant.